KUMIN SOMMERS LLP
STEPHEN A. SOMMERS, SBN 225742
JOSEPH CLAPP, SBN 99194
RORY QUINTANA, SBN 258747
870 Market Street, Ste. 1154
San Francisco, CA 94102
(415) 434-4500 (Tel.)
(415) 434-8453 (Fax)

Attorneys for Plaintiff
Michelle Ressler

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JENNIFER REDMOND, SBN 144790
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  415-434-9100
Fax:  415-434-3947

Attorneys for Defendant
ELSEVIER INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RESSLER, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>ELSEVIER INC., a New York corporation,<br><br>        Defendant. | **CASE NO.: CV-09-3349-MMC**<br><br>**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION AND [PROPOSED] PROTECTIVE ORDER** |

## STIPULATION

Plaintiff MICHELLE RESSLER ("PLAINTIFF"), on the one hand, and Defendant

ELSEVIER INC. ("DEFENDANT"), on the other hand, jointly request the Court's approval of

this Stipulation for Protective Order and Order thereon. The parties stipulate through counsel that

entry of this protective order is necessary and appropriate to facilitate discovery and avoid

unneeded discovery motions. The grounds for this stipulated protective order are that discovery

-1-

KUMIN SOMMERS LLP

in this action involves disclosure of trade secrets and other sensitive proprietary business

information.  Without appropriate protective order provisions, the parties would be required to

oppose disclosure of such matters in discovery.  This Order is needed to ensure fair and efficient

completion of discovery while protecting the parties' rights in such confidential sensitive

proprietary business information and minimizing judicial intervention in the discovery process.

The parties, through their counsel, agree to the protective order below.

Dated: _____, 2009                          KUMIN SOMMERS LLP


By:_____
Stephen Sommers, Esq.
Attorneys for Plaintiff Michelle Ressler

Dated: _____, 2009                          SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP


By:_____
Morgan Forsey, Esq.
Attorneys for Defendant Elsevier Inc.


## PROTECTIVE ORDER

Pursuant to the stipulation above and good cause appearing therefrom, the Court hereby
approves this Protective Order.  The Protective Order shall govern handling of the parties'
Confidential Information.

1.       As used in this Protective Order, "Confidential Information" means materials that
a party believes disclose trade secrets or other confidential business, financial, research,

-2-

KUMIN SOMMERS LLP

development, or commercial information, or non-public information concerning individuals such as social security numbers, home telephone numbers and addresses, personnel evaluations, and medical and banking information, and in good faith believes, given its nature, should be afforded confidential treatment and which the parties would not disclose but for the entry of this Protective Order.

2.     The parties may designate as "Confidential" and thereby subject to the terms of this protective order any materials, in any form, referring to the contents of Confidential Information as follows:

a.     If the contents of Confidential Information are referred to in a document (as defined in Evidence Code section 250) and produced by the party seeking to designate it as confidential, the party shall mark the face of each page of the document "Confidential." If a document referring to the contents of Confidential Information is produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the document as confidential shall notify the other parties to the action in writing that it considers the document to contain Confidential Information and the adverse parties receiving the document shall treat it as confidential and take steps they deem reasonably necessary to ensure that others who have received the document treat it as confidential. A party may designate, within thirty (30) days of the date of this order, as Confidential any document produced prior to the date of the protective order.

b.     If the discovery response referring to the contents of Confidential Information is by someone other than the party seeking confidential treatment, the party seeking to designate the response as confidential shall notify the other parties to the action in writing that it considers the response to contain Confidential Information and the adverse parties receiving the response shall treat it as confidential and take steps they deem reasonably necessary to ensure that others who have received the response treat it as confidential. If the contents of Confidential Information are referred to in discovery responses by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request, or may

KUMIN SOMMERS LLP

-3-

1    designate it as Confidential in writing within thirty (30) days of the date of this order, for

2    responses that were made prior to the date of this Protective Order.

3              c.        If the contents of Confidential Information are referred to in testimony in

4    any proceeding in this action, the party seeking to designate the testimony as confidential shall

5    do so on the record at the time the testimony is given or by giving written notice to the parties

6    within a reasonable time after the designating party's receipt of the transcript containing such

7    testimony.  "Reasonable time" shall normally be 30 days from the designating party's receipt of

8    the transcript containing such testimony. The parties shall cooperate in allowing longer or shorter

9    periods of time as needs of the case arise.

10         3.        The parties shall use each other's Confidential Information solely for purposes of

11   this Action, including any related mediation (the "Action"), and shall not use Confidential

12   Information for any other purpose or in any other action or litigation, and shall not disclose,

13   communicate, produce, or otherwise make Confidential Information available to anyone except

14   Qualified Persons specified in Paragraph 4 below. Nothing in this Protective Order shall prevent

15   or restrict a party from using, disclosing, producing, communicating or otherwise making

16   available their own Confidential Information as they deem appropriate.

17         4.        "Qualified Persons" to whom Confidential Information may be disclosed,

18   communicated, produced or otherwise made available are:

19             a.        Attorneys of record for any party in this action and their associated

20   lawyers, legal assistants, secretarial and clerical personnel engaged in assisting them in this

21   litigation and who shall be advised and be bound by the terms of this Protective Order;

22             b.        Parties to the action, including those employed by the party who are

23   involved with the facts underlying the action or involved in the prosecution or defense of the

24   action – provided that such persons understand the need to maintain the confidentiality of the

25   information;

26             c.        Experts retained by the parties in this action;

27

28

*Ressler v. Elsevier Inc.*, U.S. District Court for Northern California, Case No.: CV-09-3349
STIPULATION FOR PROTECTIVE ORDER

KUMIN SOMMERS LLP

KUMIN SOMMERS LLP

1        d.      The Court and court personnel as needed for the purposes of this litigation,

2  and the court reporter, provided that the requirements of Paragraph 7 below are followed;

3              e.      Court reporters transcribing depositions or testimony in the Action, any

4  outside photocopying, graphic production services, litigation support services, or investigators

5  employed by the parties or their counsel to assist in the Action and computer personnel

6  performing duties in relation to a computerized litigation system; and

7              f.      Any other person whom the parties agree upon in writing.

8        5.      Confidential Information may be disclosed to Qualified Persons identified in

9  Paragraphs 4(a), (b) (d) and (e) above, without notice. Information designated as Confidential

10  Information may be disclosed to Qualified Persons identified in Paragraphs 4(c) and (f) only on

11  the condition that the disclosing party (1) advises such Qualified Persons of the contents of this

12  Protective Order and (2) has them sign the acknowledgment (attached to this Protective Order)

13  stating that he or she has received and agrees to be bound by the terms of this Protective Order.

14  Executed copies of such acknowledgments shall be retained by the party obtaining them and

15  shall be made available for inspection and copying by the other parties or upon order of the

16  Court.

17        6.      Confidential Information in the possession of Qualified Persons identified in

18  Paragraph 4 will be kept in a secure place when not in use and stored in a manner that is

19  reasonably calculated to ensure that the Confidential Information will not be disclosed to any

20  individual not authorized to receive or review such Confidential Information.

21        7.      ~~Any pleadings, exhibits or filings which contain Confidential Information, or~~ Without written permission from the designating party or a court order secured
after appropriate notice to all interested parties, a party may not file in the public record in this

22  ~~testimony designated as Confidential Information shall be filed under seal with the Court in a~~ action any Confidential Information.

23  ~~sealed envelope on which shall be written the following statement: "Confidential Information~~

24  ~~Under Seal."~~ To the extent feasible, only the pages or exhibits or portions thereof containing

25  Confidential Information should be filed under seal and a party desiring to file Confidential
Civil Local Rule 79-5.

26  Information shall comply with ~~Rules 2.550 and 2.551 of the California Rules of Court~~

27  (pertaining to filing papers under seal).

28

*Ressler v. Elsevier Inc.,* U.S. District Court for Northern California, Case No.: CV-09-3349
STIPULATION FOR PROTECTIVE ORDER

KUMIN SOMMERS LLP

1    8.    Within sixty (60) days after final disposition of this action, the parties shall return

2  the other parties' Confidential Information, including any portions of transcripts concerning

3  testimony designated as Confidential Information, and shall destroy all working copies thereof in

4  their possession.  The parties shall execute and deliver a certification of compliance with the

5  provisions of this Paragraph.  This obligation shall not apply to pleadings, motions, briefs,

6  supporting affidavits, attorney notes, transcripts, or Court opinions and orders (although the

7  restrictions imposed herein shall continue to apply to any Confidential Information attached to

8  such pleadings, motions, briefs, or supporting affidavits).  This Order shall not prevent any party

9  from applying to the Court for further or additional protective orders.

10    9.    The parties agree that by entering into this Order, they do not waive or

11  compromise their position regarding any information designated as Confidential Information.

12  By providing such Confidential Information, the parties do not admit that Confidential

13  Information is relevant to this action and do not waive their objections to the production or

14  disclosure of Confidential Information.

15    10.    This Protective Order does not preclude the parties from seeking immediate relief

16  from this Order on such notice as is appropriate under the circumstances, or from seeking such

17  other relief or protective orders as may be appropriate ~~under the Code of Civil Procedure~~.  The

18  parties may apply to the Court for modification of, or release from, this Protective Order.  Prior

19  to any such application, the parties shall meet and confer and seek agreement to such

20  modification or release.

21    11.    If at any time a party objects to a designation of information and discovery

22  materials as Confidential under this Order, the objecting party shall notify the Disclosing Party in

23  writing.  The objecting party shall identify the information in the question and shall specify in

24  reasonable detail the reason or reasons for the objection.  Within ten (10) calendar days of the

25  receipt of such notice, the Disclosing Party and objecting party shall meet and confer in an effort

26  to resolve their differences.  If the parties cannot resolve their disagreement, the Disclosing Party

27  may, within fifteen calendar days after the meet and confer, make an application to the Court for

28

-6-

a ruling on the Disclosing Party's designation of the information or materials as Confidential. While any such application is pending, the documents or material subject to that application will remain Confidential until the Court rules.  Nothing herein shall be construed as preventing any party from objecting to the designation of any document as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

12.     Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this order.  It shall be the responsibility of the party that lost or compromised the Confidential Information of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

13.     Nothing in this order shall prejudice in any way the rights of any party to introduce into evidence at trial any document, testimony, or other evidence subject to this Stipulation, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation.

14.     Any non-party producing Confidential Information in the Action may designate such materials as Confidential in accordance and consistent with the terms and provisions of this Order.

15.     If additional persons become parties to the Action, such parties shall not have access to Confidential information produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and agree to be bound by its terms.

**IT IS SO ORDERED**.

Date: _August 13_, 2009          By: _____

The Honorable Maxine M. Chesney

-7-

*Ressler v. Elsevier Inc.*, U.S. District Court for Northern California, Case No.: CV-09-3349
STIPULATION FOR PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUMIN SOMMERS LLP

## **PROTECTIVE ORDER ATTACHMENT**

### **ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state that:

1.      My address is _____

_____.

2.      I have received a copy of the Stipulation and Protective Order ("Order") in this action, a copy of which is attached hereto.  I have carefully read and understand the provisions of the Order.

3.      I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes set forth in the Order any Confidential Information which is disclosed to me.

4.      Specifically, I will exercise all reasonable due care with the Confidential Information and will use the information only for purposes of the underlying action.

5.      Promptly upon termination of this action, I will return all Confidential Information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

6.      I hereby submit to the jurisdiction of the court in this action solely for the purpose of enforcement of this Order.

_____
(Signature)

*Ressler v. Elsevier Inc.,* U.S. District Court for Northern California, Case No.: CV-09-3349
STIPULATION FOR PROTECTIVE ORDER